# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAY BYRON FORD, | | CV F   05-00381 REC LJO |
| | Plaintiff, | ORDER DENYING PLAINTIFF"S REQUEST FOR LEAVE TO CONDUCT DISCOVERY |
| | v. | (Doc.  8) |
| F. J. MARTINEZ, | | |
| | Defendants. / | |

Ray Byron Ford ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on March 22, 2005.  On April 4, 2005, this Court issued an Informational Order informing plaintiff of various requirements and procedures that will occur during the course of the instant proceedings.  In that Order, Plaintiff was informed that the Court must first conduct a preliminary screening of the case to determine whether the complaint states any cognizable claims for relief under 28 U.S.C. § 1915A(a).  Only after the Court has made a preliminary determination that the case can proceed, will the Court direct the Complaint to be served on any defendants.   In addition, the Order informed Plaintiff that only after Defendants have made an appearance in the action will an Order opening discovery issue.

In this case, the Court has yet to conduct its preliminary screening and thus, no service has occurred, no appearance has been made by defendants and no answer or other responsive pleading has been filed.  As such, Plaintiff's request to open discovery is not only premature, it is

unnecessary.  The Court understands Plaintiff's desire to obtain the names of the Does named in his action via discovery.  However, until the Court has determined that the complaint states cognizable claims for relief under Section 1983, no discovery will take place.  In addition, Plaintiff is forewarned that this Court has pending before it literally hundreds of cases similar to Plaintiff's and thus, the screening process often takes time.  Plaintiff can rest assured that the Court will screen his complaint as quickly as possible, however, that may not be as speedily as Plaintiff would like.  Nevertheless, Plaintiff should remain patient and should keep the Court apprised of any change of address that he might have to ensure that he receives copies of all Orders issued in his case.

      Accordingly, the Request to Initiate Discovery is DENIED.

IT IS SO ORDERED.

**Dated:   May 4, 2005**                     /s/ Lawrence J. O'Neill
b9ed48                                                     UNITED STATES MAGISTRATE JUDGE