UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY BYRON FORD, | CV F 05 CV 381 REC LJO P |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (DOC. 1) |
| v. | ORDER DIRECTING THE CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |
| F. J. MARTINEZ, et. al., | |
| Defendants. | |

Ray Byron Ford ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on March 22, 2005. Plaintiff names as Defendants F.J. Martinez and 7 Doe Defendants, all correctional officers at Corcoran State Prison at the time the incident occurred.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

Plaintiff alleges that, while a prisoner in Corcoran State Prison in cell number 250, Defendants violated his Eighth Amendment right against cruel and unusual punishment, equal protection, and "intentional negligence."[1] Plaintiff's Complaint states that on April 1, 2004, the prison was placed on "lockdown" status and, as a result, on April 5, 2004, the prisoners' meals had to be brought to their cells. According to the Complaint, when the prison is in lock-down status, both breakfast and lunch are served in the morning, simultaneously. The cells are not equipped with food ports, so the doors must be opened in order for the meals to be given to the inmates. Plaintiff states that before the meals were supposed to be served, Plaintiff was told by correctional officer Contraras to sit on the stool in the back of the cell and Plaintiff's cell-mate was told to lay in his bunk face down. Plaintiff claims that both the Plaintiff and his cell-mate complied.[2] Contraras left Plaintiff's cell and moved on to the next cell with similar instructions. Plaintiff claims that moments later, a group consisting of the seven Doe Defendants, who were in charge of distributing the meals, came to Plaintiff's cell and told Plaintiff's cell-mate to move to a different position than C/O Contraras had directed. Plaintiff's cell-mate complied but complained that the correctional officers should be consistent in their orders. Plaintiff claims that

---

[1] Complaint at 9 of 10.

[2] Complaint at 6 of 10.

at that point one of the Doe Defendants yelled, "250 refused," in order to inform the cell booth officer not to open Plaintiff's cell door. Then the other Doe Defendants began repeating the phrase. Plaintiff's Complaint alleges Defendants left Plaintiff's cell without giving the occupants their meals. Plaintiff claims that he remained seated during the entire incident and did not refuse his food. Plaintiff claims he tried to inform Defendants that he did not refuse the food and then proceeded to yell, "I want my food." The Complaint states that one of the Defendants answered, "You had your chance."

Plaintiff claims that Defendant Martinez was responsible for the supervision of the seven Doe Defendants and "responsible for the operation of the prison feeding process."[3] After the seven Doe Defendants refused to give Plaintiff his food, Plaintiff claims that he explained the situation to Defendant Martinez but was never given breakfast or lunch on this day. Plaintiff also claims that the meals were in sealed plastic bags and could have been left on the floor next to the cell or tied to the door handle.

## C. CLAIMS FOR RELIEF

**1. Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th

---

[3] Complaint at 5 of 10.

Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named Defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

**2. Food Deprivation**

In his complaint, Plaintiff alleges that, on April 5, 2004, Defendants Martinez and Does 1 through 7 denied Plaintiff breakfast and lunch. Plaintiff seeks monetary relief in the amount of $23,000 from each Defendant.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). " Only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (*quoting* Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, (9th Cir. 1998) (*citing* Farmer v. Brennan, 511 U.S. 825, 835 (1994). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. at 834 (*citing* Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837. Thus, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. at 835. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer v. Brennan, 511 U.S. at 835; Frost v. Agnose, 152 F.3d at 1128; see also Daniels v.

4

1  Williams, 474 U.S. 327, 33 (1986).

2      Plaintiff has failed to state a cognizable claim against any of the Defendants for
3  deprivation of food. The deprivation of two meals on only one occasion is not sufficiently serious
4  to state an Eighth Amendment violation. The Plaintiff has also failed to state facts that show that
5  the Defendants disregarded an excessive risk to Plaintiff's health or safety.

6      **3. Supervisory Liability**

7      Supervisory personnel are generally not liable under Section 1983 for the actions of their
8  employees under a theory of respondeat superior and, therefore, when a named defendant holds a
9  supervisorial position, the causal link between him and the claimed constitutional violation must
10 be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.
11 Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). To state a claim
12 for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege
13 some facts that would support a claim that supervisory Defendants either: personally participated
14 in the alleged deprivation of constitutional rights; knew of the violations and failed to act to
15 prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a
16 repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"
17 Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*); Taylor v. List,
18 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts
19 must be alleged to support claims under section 1983. See Leatherman v. Tarrant County
20 Narcotics Unit, 507 U.S. 163, 168 (1993).

21     Plaintiff claims that Defendant Martinez was responsible for the supervision of the seven
22 Doe Defendants. Although Plaintiff also claims that Defendant Martinez knew of the actions of
23 the seven Doe Defendants and failed to prevent or redress them, the actions complained of do not
24 amount to a violation of a constitutional right. Therefore, Plaintiff's Complaint fails to state a
25 cognizable claim for supervisory liability.

26     **4. Equal Protection**

27     Equal protection claims arise when a charge is made that similarly situated individuals are
28 treated differently without a rational relationship to a legitimate state purpose. See San Antonio

School District v. Rodriguez, 411 U.S. 1 (1972).  In order to state a § 1983 claim based on a violation of the equal protection clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff.  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).

Although Plaintiff alleges Defendants violated the Equal Protection Clause of the Fourteenth Amendment, Plaintiff has stated no specific facts demonstrating that any of the named Defendants acted with the intention to discriminate against him."A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren at 1194. Therefore, Plaintiff has failed to state a cognizable claim for relief for a violation of equal protection.

**5. Negligence**

A public employee is liable for injury to a prisoner "proximately caused by his negligent or wrongful act or omission."  Cal. Gov't Code § 844.6(d) (West 2001).  "To establish negligence, a party must prove the following: (a) a *legal duty* to use due care; (b) a breach of such legal duty; (c) the breach as the *proximate* or *legal cause* of the resulting injury."  Hair v. State, 2 Cal. Rptr. 2nd  871, 875 (Cal. Ct. App. 1991) (citations omitted).

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c).  "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §

1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

Plaintiff fails to state a cognizable claim for negligence. Plaintiff alleges that the Defendants had a duty "to enforce, as well as obey, the laws, regulations and procedures with respect to Plaintiff's welfare,"[4] they breached that duty by refusing him breakfast and lunch on 4/5/04, and Defendant's actions caused his injury. However, the pleading of mere legal conclusions without further specification is insufficient to state a valid claim. Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir.1977). Although, Plaintiff claims that his injury was caused by the Defendants' actions, he fails to state facts that substantiate the allegation. In his Amended Complaint, Plaintiff should state facts that show how his alleged injury was caused by the Defendants' actions and explain his injury beyond the generic claim that he suffered "physical, mental, and emotional injury."[5] Furthermore, if the Plaintiff fails to state a cognizable federal claim then the federal court will not have the ability to exercise supplemental jurisdiction over his negligence claim.

Finally, California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police

---

[4] Complaint at 8 of 10.

[5] Complaint at 5 of 10.

Dept., 839 F.2d 621, 627 (9th Cir. 1988).

Although Plaintiff claims he has exhausted all of his administrative remedies, he has not alleged compliance with the California Tort Claims Act as required in order to state a tort claim against a public entity. If Plaintiff chooses to amend his complaint, he should include his status regarding compliance with the law.

**6. Doe Defendants**

The use of Doe defendants is generally disfavored. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (*quoting* Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). In addition, the United States Marshal cannot initiate service of process on unknown defendants. As Plaintiff is given the option to amend, he should make every effort to ascertain the actual names of the Defendants.

**D. CONCLUSION**

The Court finds that Plaintiff's complaint does not contain any claims upon which relief can be granted under § 1983 against any of the Defendants. The Court will provide Plaintiff with time to file an Amended Complaint curing the deficiencies identified above should he wish to do so.

Plaintiff must demonstrate in the Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights. See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The Amended Complaint must specifically state how each Defendant is involved. Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to any prior pleading. As a general rule, an Amended Complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each

claim and the involvement of each defendant must be sufficiently alleged. The Amended Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

### E. ORDER

The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

2. The Complaint is DISMISSED with leave to amend. WITHIN THIRTY (30) days from the date of service of this order, Plaintiff SHALL:

   a. File an Amended Complaint curing the deficiencies identified by the Court in this Order, or

   b. Notify the Court in writing that he does not wish to file an Amended Complaint and pursue the action but instead wishes to voluntarily dismiss the case.

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   June 22, 2006**            **/s/ Lawrence J. O'Neill**
b9ed48                                UNITED STATES MAGISTRATE JUDGE