# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY BYRON FORD, | CASE NO. 1:05-CV-00381-LJO-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM |
| v. | |
| MARTINEZ, et al., | (Doc. 1) |
| Defendants. | |

**I. FINDINGS**

**A.  Procedural History**

Ray Byron Ford ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on March 22, 2005. His original complaint was screened by the Court and dismissed (for failure to state a cognizable claim) with leave to amend.  Subsequent to being granted extensions of time to file, Plaintiff filed his first amended complaint on October 4, 2006.

**B.  Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### C. Summary of Amended Complaint

Plaintiff names as Defendants F.J. Martinez and 7 Doe Defendants, all correctional officers at Corcoran State Prison at the time the incident occurred.

Plaintiff alleges that, while a prisoner in Corcoran State Prison in cell number 250, Defendants violated his Eighth Amendment right against cruel and unusual punishment, equal protection, and "intentional negligence."  Plaintiff's amended complaint alleges that: on April 1, 2004, the prison was placed on "lockdown" status and, as a result, on April 5, 2004, the prisoners' meals had to be brought to their cells; when the prison is in lock-down status, both breakfast and lunch are served in the morning, simultaneously; the cells are not equipped with food ports, so the doors must be opened in order for the meals to be given to the inmates; before the meals were supposed to be served, Plaintiff was told by correctional officer Contraras to sit on the stool in the back of the cell and Plaintiff's cell-mate was told to lay in his bunk face down; both Plaintiff and his cell-mate complied; Contraras left Plaintiff's cell and moved on to the next cell with similar instructions; moments later, a group consisting of the seven Doe Defendants, who were in charge of distributing the meals, came to Plaintiff's cell and told Plaintiff's cell-mate to move to a different position than C/O Contraras had directed; Plaintiff's cell-mate complained of the inconsistency with positional orders, but nonetheless complied; when the cell-

mate complained, one of the Doe Defendants yelled, "250 refused," in order to inform the cell booth officer not to open Plaintiff's cell door; the other Doe Defendants began repeating the phrase; Plaintiff was not served breakfast and lunch despite being completely compliant; Plaintiff did not refuse his food, and in fact began to yell that he wanted his food; one of the Defendants answered, "You had your chance;" Defendant Martinez was responsible for the supervision of the seven Doe Defendants and "responsible for the operation of the prison feeding process;"[1] Plaintiff later explained the situation to Defendant Martinez, but was never given breakfast or lunch on this day. The Court notes that Plaintiff's amended complaint is identical to his original complaint, except for a little over one additional page of factual information wherein he claims that the lack of breakfast and lunch on April 5, 2004 caused him to suffer unnecessary hunger, unnecessary and unhealthy stress, caused him to become "reckless and hotheaded" such that he covered the cell window, which "would have ultimately led to a 'Cell-Extraction' which would have required physical force where even more injury was likely to occur."[2]

### D. Linkage Requirement
### D. Plaintiff's Claims
#### 1. Conditions of Confinement

In his complaint, Plaintiff alleges that, on April 5, 2004, Defendants Martinez and Does 1 through 7 denied Plaintiff breakfast and lunch.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). "Only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (*quoting* Rhodes v.

---

[1] Complaint at 5 of 12.

[2] Complaint at page 7, line 20 - page 8, line 22.

3

Chapman, 452 U.S. 337, 347 (1981))  Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm."  Frost v. Agnos, 152 F.3d 1124, (9th Cir. 1998) (*citing* Farmer v. Brennan, 511 U.S. 825, 835 (1994).  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious."  Farmer v. Brennan, 511 U.S. at 834 (*citing* Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know of and disregard an excessive risk to inmate health or safety."  Id. at 837.  Thus, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it."  Farmer v. Brennan, 511 U.S. at 835.  Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton.  Farmer v. Brennan, 511 U.S. at 835; Frost v. Agnose, 152 F.3d at 1128; see also Daniels v. Williams, 474 U.S. 327, 33 (1986).

Plaintiff fails, and appears unable, to state a cognizable claim against any of the Defendants for deprivation of food.  The deprivation of two meals is not sufficiently serious to state an Eighth Amendment violation.  Further, the fact that Plaintiff alleges he was only deprived of those meals on one day under lock-down conditions is also insufficient as temporary unconstitutional conditions of confinement do not rise to the level of constitutional violations. See Anderson v. County of Kern 45 F.3d 1310 (9th Cir. 1995) and Hoptowit v. Ray 682 F.2d 1237 (9th Cir. 1982).  Missing two meals on one day does not create an excessive risk to Plaintiff's health or safety.  Further, Plaintiff fails to allege facts to show an excessive risk to his health or safety which the Defendants were deliberately indifferent to.

### 2. Supervisory Liability

Supervisory personnel are generally not liable under Section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979).  To state a claim for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory Defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to

4

prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff claims that Defendant Martinez was responsible for the supervision of the seven Doe Defendants.  Although Plaintiff also claims that Defendant Martinez knew of the actions of the seven Doe Defendants and failed to prevent or redress them, the actions complained of do not amount to a violation of a constitutional right.  Therefore, Plaintiff fails, and appears unable, to state a cognizable claim for supervisory liability.

### 3. **Equal Protection**

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose.  See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972).  In order to state a § 1983 claim based on a violation of the equal protection clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff.  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).

Although Plaintiff alleges Defendants violated the Equal Protection Clause of the Fourteenth Amendment, Plaintiff fails to state specific facts demonstrating that any of the named Defendants acted with the intention to discriminate against him.  "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren at 1194.  Therefore, Plaintiff fails, and appears unable, to state a cognizable claim for relief for a violation of equal protection.

### 4. **State Law Claims**

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original

jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

As Plaintiff fails, and appears unable, to state a cognizable federal claim, the Court does not have the ability to exercise supplemental jurisdiction over his negligence claim.

**II. RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's first amended complaint, filed on October 4, 2006, be dismissed with prejudice for failure/inability to state a claim. These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these findings and recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the district court's order. Martinez v.Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 6, 2008**              **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE